**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:26-cv-00652-MOC**

| | | |
|---|---|---|
| **JAMES CROWE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **<u>MEMORANDUM OF</u>** |
| | ) | **<u>DECISION AND ORDER</u>** |
| | ) | |
| **MECKLENBURG COUNTY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1] pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I. BACKGROUND

Pro se Plaintiff James Crowe is currently detained at the Mecklenburg County Detention Center in Charlotte, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on August 10, 2026, against 27 Defendants, including Mecklenburg County, the City of Charlotte, and various individuals and entities associated with the Charlotte Mecklenburg Police Department (CMPD), Allied University Security (AUS), and the Charlotte Area Transit System (CATS). [Doc. 1]. Plaintiff purports to sue Defendants in their individual and official capacities. [<u>Id.</u> at 2-3]. He alleges as follows.

AUS is a privately owned company used by CATS and the City of Charlotte for security services. [<u>Id.</u> at 13]. On December 25, 2023, Defendant Jermaine Lewis, a CMPD officer, approached Plaintiff while he was waiting for a CATS bus. Defendant Lewis, believing Plaintiff was "banned," asked two nearby AUS officers if Plaintiff was banned. They responded that

Plaintiff was not. Plaintiff walked away to smoke a cigarette. On returning, Plaintiff was approached by a group of AUS officers while multiple CMPD officers arrived at the scene. After an exchange of nonthreatening words, the CMPD officers "jumped" Plaintiff. Defendant Madison Guthrie, a CMPD Detective, took Plaintiff's phone, which was not returned. Plaintiff's other personal property was also taken. AUS officers and CATS gave statements indicating that Plaintiff was banned and that they did not want Plaintiff on the premises. Although Plaintiff does not allege that he was arrested, he alleges that Defendant Guthrie never had a warrant for his arrest and there was no probable cause for Plaintiff's arrest. Plaintiff also alleges that the charges have been dismissed.

AUS has a policy of hiring felons. The City of Charlotte, Mecklenburg County, the CMPD, and CATS know of this policy and have even helped "hide some of their criminal backgrounds." [Id. at 12].

Plaintiff alleges that he previously filed an action in this Court dealing with the same facts at issue here. [Id. at 9 (referencing Crowe v. Muth, 3:25-cv-01019-MR)]. Plaintiff purports to state claims for violation of his rights under the Fourth Amendment, malicious prosecution, false imprisonment, "destruction of private property," and violation of 42 U.S.C. § 1985(3).[1] [Id. at 3]. For injuries, Plaintiff alleges he was arrested and detained without probable cause. [Id. at 5]. Plaintiff seeks monetary and injunctive relief. [Id.].

The Plaintiff is no stranger to this Court. He has filed numerous § 1983 actions in this Court, resulting in at least seven dismissals due to his failure to comply with the Court's rules and orders. See, e.g., Crowe v. Montgomery, 3:25-cv-603-MR (dismissing on April 6, 2026 for failing to amend and update his address); Crowe v. Mecklenburg County, 3:26-cv-651-FDW (dismissing

[1] The Court will address only those claims fairly raised by Plaintiff's Complaint. Any claims not specifically addressed are dismissed for Plaintiff's failure to state a claim for relief.

on September 18, 2026 for failing to sign the complaint); Crowe v. Canty, 3:25-cv-717-MR (dismissing on April 6, 2026 for failing to update his address); Crowe v. Muth, 3:25-cv-1019-MR (same on April 2, 2026); Crowe v. Aramark, 3:26-cv-57-KDB (same); Crowe v. Mecklenburg County Sheriff's Office, 3:26-cv-111-MEO (same); Crowe v. Creed, 3:26-cv-110-MOC (same on April 10, 2026).

He has been specifically cautioned against engaging in piecemeal, scattershot, and duplicative litigation. See, e.g., Crowe v. Montgomery, 3:25-cv-603-MR, Doc. 16 at 8 (cautioning the Plaintiff that "scattershot claims will be summarily dismissed," and that "piecemeal amendment will not be permitted"); Crowe v. Canty, 3:25-cv-717-MR, Doc. 10 (dismissing the scattershot complaint on initial review and cautioning Plaintiff that piecemeal amendment will not be permitted).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore,

a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint fails initial review for several reasons.

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Moreover, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171.

While the Court must carefully review a complaint to determine if a plaintiff has alleged facts sufficient to support his claims, White v. White, 886 F.2d 721, 722-723 (4th Cir. 1989), the Court need not act as a pro se plaintiff's advocate or scour a complaint to discern the plaintiff's unexpressed intent, see Williams v. Ozmint, 716 F.3d 801, 803 (4th Cir. 2013).

Here, Plaintiff fails to state which claim or claims he purports to assert against any of the Defendants he names and fails to allege personal participation by all but two of the individual Defendants. The Court declines to separately address Plaintiff's failure to state claims against

each Defendant absent some tenable basis for a claim under the alleged facts. Defendants and claims not specifically addressed below, therefore, are dismissed for Plaintiff's failure to state a claim for relief.

**A. Official Capacity Claims**

Plaintiff here purports to sue Defendants in their individual and official capacities. Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55 (1978)). Municipalities and governmental entities are not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120–21 (1992) (quoting Monell, 436 U.S. at 691). That is, for a governmental entity to be responsible under § 1983, the official "policy or custom" must be "the moving force of the constitutional violation." Monell, 436 U.S. at 694.

While Plaintiff alleges that Defendants City of Charlotte, Mecklenburg County, the CMPD and CATS know of AUS's policy of hiring felons, he does not allege that any municipal entity's official policy or custom was the moving force behind or otherwise played a part in any constitutional violation. The Court, therefore, will dismiss Plaintiff's official capacity claims.

**B. Fourth Amendment**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." U.S. Const. amend. IV. Section 1983 provides a federal cause of action for Fourth Amendment false arrest. Wallace v. Kato, 549 U.S. 384 (2007). "False arrest and false imprisonment overlap; the former is a species of the latter. Wallace, 549 U.S. at 387-88. An arrest is a seizure under the Fourth Amendment, and such a seizure is reasonable only if based

on probable cause. Wilson v. Kittoe, 337 F.3d 392, 398 (4th Cir. 2003). Probable cause to justify an arrest means "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). Whether probable cause exists must be determined "in the light of all of the surrounding circumstances." Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998). To state a cognizable § 1983 claim for false arrest, a plaintiff must allege that law enforcement officers arrested him without probable cause. See Pleasants v. Town of Louisa, 524 F. App'x 891, 897 (4th Cir. 2013).

A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000). To state a malicious prosecution claim, a plaintiff must allege that the defendant caused a seizure of the plaintiff pursuant to legal process, unsupported by probable cause, and the criminal proceedings terminated in plaintiffs' favor. Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). To demonstrate a favorable termination of a criminal prosecution for purposes of a malicious prosecution claim, a plaintiff need only show that his prosecution ended without a conviction. Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022).

To be sure, "[a] claim for false arrest alleges that a warrantless arrest lacked probable cause; a claim for malicious prosecution alleges that an arrest was made pursuant to a warrant lacked probable cause." Smith v. Munday, 848 F.3d 248, 257 (4th Cir. 2017).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a Fourth Amendment malicious prosecution claim against any Defendant. That is, Plaintiff alleges that he was arrested without a warrant, which

negates such a claim. See Munday, 848 F.3d at 257. The Court, therefore, will dismiss this claim. Plaintiff has also failed to state a Fourth Amendment claim based on false arrest against any Defendant. While Plaintiff vaguely alleges that he was arrested without probable cause, he also alleges that representatives of CATS and AUS gave statements indicating that Plaintiff had been banned from the premises. Moreover, Plaintiff fails to allege what the nature of the charges were or why officers were concerned he had been banned from the premises. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Finally, Plaintiff fails to allege which Defendant arrested him. The Court, therefore, will also dismiss this claim.

**C. Personal property**

Plaintiff has failed to state a claim under § 1983 based on the deprivation of his personal property because he has an adequate post-deprivation remedy in state tort law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (stating that intentional deprivations of property do not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available); Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983) ("Under North Carolina law, an action for conversion will lie against a public official who by an unauthorized act wrongfully deprives an owner of his property."). The Court, therefore, will dismiss this claim.

**D. State Law Claims**

To the extent that the Plaintiff seeks relief under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist.

Of Columbia, 583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] as well all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, those claims are dismissed without prejudice.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action. Given Plaintiff's numerous previous failures to prosecute the actions he files with this Court and his general abuse of this Court's time and resources, such dismissal will be with prejudice.

**The Plaintiff is strongly cautioned that the continued failure to comply with the Court's orders, or engaging in other abusive litigation practices, may result in the imposition of sanctions including dismissal and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court**.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall

be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: October 30, 2026

Max O. Cogburn Jr.
United States District Judge